(No. 13992.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES GIJGA, Plaintiff in Error.

*Opinion filed October 22, 1921.*

CRIMINAL LAW—*when absence of proof that any money was found on defendant does not preclude conviction for robbery.* Although the prosecuting witness testifies that he was robbed of three dollars in money, the fact that there is no testimony that the defendant had any money at all when he was arrested immediately after the commission of the crime will not raise a reasonable doubt as to his guilt, where there was an accomplice who succeeded in escaping and where the police officers who arrested the defendant testify that they did not search him for money but for weapons, only.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

FRANCIS BORRELLI, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, FLOYD E. BRITTON, and EDWARD E. WILSON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, James Gijga, alias James Gajdynski, and Martin Kubcha, were jointly indicted in the criminal court of Cook county for robbery of Theodore Walczak.

They pleaded not guilty, were tried and plaintiff in error was convicted.   Kubcha was acquitted.   Judgment was rendered on the verdict and plaintiff in error was sentenced to imprisonment in the penitentiary at Joliet.   He brings the record to this court by writ of error to review the judgment.

Plaintiff in error contends the court erred in refusing one instruction asked by him; that the evidence was not sufficient to warrant a conviction; that the presiding judge prejudiced him by disparaging and hostile remarks to his counsel during the trial, and that the court erred in permitting a son of Walczak to act as interpreter for him while he was giving his testimony.

It is contended the evidence was insufficient.   Walczak was knocked down, and testified he was robbed of his overcoat and three dollars in money at Forty-ninth place and Loomis street, Chicago, at 1 :20 A. M., December 27, 1920. He was on foot when some one hit him on the head and knocked him down.   Walczak was a Pole, did not speak English and testified through an interpreter.   When asked who robbed him he indicated the defendants sitting at the table but did not give their names.   His acts and words leave no doubt as to whom he meant.   There were three men together when he was robbed.   They took his overcoat and three dollars in money.   One of the three men ran away.   He was down on his face until the policemen came and arrested two of them.   He could not tell which of the two men knocked him down.   John S. Condon, a police officer, testified he was near the place of the robbery at the time it occurred and saw three men scuffling, one on the ground.   He called to them and one ran away.   He fired a shot at him and arrested the other two.   Plaintiff in error was standing over the man that was down and the other defendant was standing on the corner near and made no attempt to get away.   Plaintiff in error made an effort to escape but was quickly captured.   The two men were searched for arms and taken to the station.   Delihanty,

another police officer, who was with Condon, testified he saw the men struggling,—one man lying on the ground with two on top of him. Another man was standing five or ten feet away from them. One of the two men on the man that was down was going through his clothes. When the officer was about fifteen feet away one of the two ran and disappeared. Plaintiff in error started to run but was captured. When the man who was down arose his clothes were torn. That man was Theodore Walczak. The officers testified they did not search the prisoners for money but searched them for weapons; that they did not know whether either of them had any money on his person or not.

Plaintiff in error testified in his own behalf and admitted to being with Kubcha and a man he did not know, at the place where the alleged robbery occurred. He gave a different account of the matter and his connection with it from that given by the People's witnesses. He testified he heard a shot, saw a man lying on the ground and another one running, and that he stooped to pick up the man who was down. Just then the officers came up and arrested him. He testified they searched him and found no money at all; that he did not have a cent.

It is very apparent that a reviewing court would not be warranted in reversing the judgment on the ground it is not warranted by the testimony. Much reliance is placed by counsel on the fact that there was no testimony plaintiff in error had any money at all when arrested. It is argued that because Walczak testified he was robbed of three dollars and that the officers who captured plaintiff in error found no money on him must necessarily raise a reasonable doubt as to his guilt. We do not so regard it. The officers testified they did not search him for money but for weapons only, and he might easily have disposed of the money if he took it from Walczak's pockets, which Walczak said were turned inside out when he got up.

Error is assigned on the refusal of the court to give one instruction asked by plaintiff in error. The instruction relates to the sufficiency of proof to satisfy beyond a reasonable doubt and warrant a verdict of guilty. On that question it was not especially objectionable, but it embraced elements that justified the court in refusing it. Besides, other instructions given for plaintiff in error fully instructed the jury as to the presumption of innocence and the necessity of proving guilt beyond a reasonable doubt; that a verdict of guilty could not be based on a probability or suspicion but the proof must be sufficient to overcome every reasonable doubt of defendant's guilt. Plaintiff in error was not prejudiced by the court's refusing the instruction complained of.

We have examined the remarks of the court complained of, and while one or two of the statements made indicate some slight impatience, they were not so unjustified and serious in character as to warrant a reversal of the judgment.

Walczak's son acted as interpreter while his father was testifying as a witness. No objection was made to his so acting until the direct examination was concluded and the cross-examination had been in progress for some time. The witness was then asked whether he had been drinking anything that evening, and the interpreter interpreted his answer to be that he had drank some "near beer." One of plaintiff in error's counsel disputed the correctness of the interpretation and said the answer was the witness had been drinking beer. Whether the counsel understood the Polish language does not appear, but he assumed to and perhaps did. Then for the first time an objection was made as to his acting as interpreter, but he was allowed to continue to act and there was no further substantial objection made to the correctness of the interpretation.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*